# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00249-MR
# BANKRUPTCY CASE NO. 4:15-bk-40251

| | |
|---|---|
| IN RE: ) ) DOUGLAS SALATHA MILLER ) MYRA SALMON MILLER, ) Debtors, ) ) _____ ) ) CHRIS S. MILLER, ) Appellant, ) ) vs. ) ) STEVEN G. TATE ) Appellee. ) ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Appellant's "Response to Court Order" [Doc. 4].

**I.   PROCEDURAL BACKGROUND**

The Appellant Chris S. Miller ("Appellant") filed his Notice of Appeal from Bankruptcy Case No. 15-40251 on August 31, 2018. [Doc. 1]. On October 1, 2018, the Bankruptcy Court filed a Memorandum with this Court advising that the Appellant had failed to file the designation of the items to be included in the record on appeal and a statement of the issues on appeal.

[Doc. 2]. On November 7, 2018, the Court entered a Show Cause Order directing the Appellant to show cause why this appeal should not be dismissed due to his failure to file such items in a timely manner. [Doc. 3]. On November 16, 2018, the Court received the present Response from the Appellant. [Doc. 4].

## II. DISCUSSION

Rule 8009 of the Federal Rules of Bankruptcy Procedure provides that an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). The designation and statement must be filed within 14 days after the appellant files a notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). Rule 8003 of the Federal Rules of Bankruptcy Procedure provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of an appeal does not affect the validity of the appeal, but is ground only for the district court ... to act as it considers appropriate, including dismissing the appeal." Fed. R. Bank. P. 8003(a)(2). Therefore, failure to file the required designation of record or statement of issues can warrant dismissal of a bankruptcy appeal. See In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

Before dismissing an appeal pursuant to Rule 8003(a)(2), the Court must take at least one of the following steps:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

In re SPR Corp., 45 F.3d 70, 72 (4th Cir. 1995) (quoting In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992)) (footnote omitted). The Fourth Circuit has cautioned that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline ... [is] a harsh sanction which a district court must not impose lightly." Serra Builders, 970 F.2d at 1311. "Nonetheless, it is clear from existing precedent that an appellant's failure to comply with procedural requirements may lead to dismissal of an appeal." Gallaher v. Largen, No. 7:16CV00560, 2017 WL 57884, at *1 (W.D. Va. Jan. 3, 2017).

Here, the Court provided the Appellant notice and an opportunity to explain his failure to file the necessary items on appeal. The Appellant, however, has failed to demonstrate good cause for his failure to do so. In his Response, the Appellant fails entirely to address why he has failed to file a statement of issues on appeal. The Appellant acknowledges that he used a copy of the Federal Rules of Bankruptcy Procedure in prosecuting his case.

Those Rules dictate that the burden is on the Appellant to file his statement of issues within fourteen days of giving notice of appeal. The Appellant offers no explanation for why he did not follow this basic requirement. As for the designation of items to be included in the record on appeal, the Appellant concedes that he has not filed any such designation but argues that "[a]ny documents this court may need or request from the Appellant is already in the case file of this case because Appellant already used them in past motions, petitions, and so forth." [Doc. 4 at 2]. Of course, the designation of documents is calculated to reduce the appellate record to those documents that are on file to the few that are germane to the appeal. The Appellant's flippant response shows his cavalier disregard for this important procedural step. The Appellant appears to blame his failure to file such items on the fact that he "is a layman of law and [has] a very limited knowledge of said law and language." [Id.]. While the Court appreciates the fact that the Appellant is not a lawyer, the requirements of filing a statement of issues and a designation of documents to be considered on appeal are not onerous. Moreover, such filings are essential to presenting the salient issues and facts to the Court for review.

As the Appellant has failed to file a designation of record and a statement of issues, and has not shown good cause for his failure to do so,

4

the Court concludes in the exercise of its discretion that his appeal must be dismissed.

**IT IS, THEREFORE, ORDERED** that this appeal is **DISMISSED**.

**IT IS SO ORDERED.**

Signed: December 19, 2018

Martin Reidinger
United States District Judge